**STATE ex JONES v INDUST COMM**

Ohio Appeals, 2nd Dist, Franklin Co

No 2974. Decided June 6, 1939

W. S. Marshall, Columbus, John K. Sawyers, Jr., Columbus, for Relator.

Thomas J. Herbert, Attorney General, Columbus; E. P. Felker, Asst. Atty. General, Columbus, for Respondent.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an original action wherein plaintiff seeks a mandatory writ requiring the respondent to pay compensation for permanent and total disability commencing July 26, 1936, and to continue during the balance of relator's life.

The cause is submitted on relator's petition, respondent's answer and the entire file of the Industrial Commission of Ohio, showing proceedings under Claim No. 1,197,254.

This record of proceedings is very voluminous, starting in 1929, the last entry being dated June 27, 1938.

On September 28, 1929, while relator was in the employ of the Y. M. C. A. cafeteria in Columbus, Ohio, as first cook, she received a severe injury when a heavy cooking kettle fell and struck her on the top of the head, producing meningeal irritation; immediately after said accident she filed an application for compensation from the state insurance fund and thereafter the Industrial Commission allowed her compensation for temporary total disability from September 28, 1929, to September 25, 1932, and for impairment of her earning capacity from September 25, 1932, to July 26, 1936. The allowance for temporary total disability was $2,870.54, and for the impairment of earning capacity the sum of $3,557.32. This was the maximum amount allowed by law under these two classifications.

Following the last payment on July 26, 1936, relator, through various applications before the Industrial Commission, has sought further compensation on the ground that she is permanently and totally disabled.

The respondent has at all times denied relator's claim of total disability.

Relator's petition in the present action is predicated upon an abuse of discretion.

The first paragraph of §1465-90, **GC**, conferring final jurisdiction on the In-

dustrial Commission reads as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final."

The Supreme Court of Ohio has placed emphasis upon this provision of the Code in the following cases:

Noggle v Industrial Commission, 129 Oh St 455.

State ex DePalo v Industrial Com., 129 Oh St 410.

State ex Gerard v Industrial Com., 120 Oh St 558.

Mandamus is an extraordinary remedy not to be issued where there is a plain and adequate remedy at law, nor to control judicial discretion. Mandamus is defined under §12283, GC. §12285, GC., reads as follows:

"12285. Not to control judicial discretion. The writ may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but can not control judicial discretion."

Sec. 12287 is also pertinent.

Due to the fact that §1465-90, GC, confers final jurisdiction upon the the Commission for determining extent of disability and amount of compensation, there can be no review through appeal to the courts.

An action in mandamus is in no sense a review.

Notwithstanding final jurisdiction, the orders and judgments of all boards, commissions or inferior courts may be set aside for a gross abuse of discretion.

Courts will not substitute their judgment for that of the entity making the original finding.

Gross abuse of discretion has been defined as follows:

"An abuse which would amount to collusion, fraud and gross palpable abuse of discretion, and which further would connote, not merely an error or mistake of judgment but a perversity of will, and imply an element of passion, prejudice and partiality."

Our court has considered this identical question on two previous occasions, both Franklin County cases, the opinion in each being released in December, 1938.

In case No. 2911, State ex M. A. Stelzer, relator v Industrial Commission of Ohio, respondent, the writ was denied. On page 7 of the opinion, we gave our conception as to what constituted total disability:

"One may be said to be totally disabled if he is so impaired in body or mind, or both, as to unfit him to work at any substantially remunerative employment."

The last paragraph of the opinion reads as follows: .

"If this case came to us upon original determination we would be required to say that the relator is now permanently totally disabled, but granting to the Commission its discretionary power we can not find that its conclusion is so manifestly against the probative facts as to justify us in issuing the extraordinary writ of mandamus commanding it to find that relator is entitled to the award for permanent total disability."

In No. 2912, State ex A. C. Myers, Relator, v Industrial Commission of Ohio, Respondent, relator sought to present original testimony in our court; it was our holding that this evidence could not be considered for the reason that the claimed abuse of discretion by the Commission could not be sustained on evidence not before the Commission. On page 5 of the opinion we made the following statement:

"Parenthetically, we might say that the facts presented through the deposition, if uncontradicted, would make a very strong case in support of the claim of permanent disability, but we are not passing on the merits of relator's claim but rather on the question of the claim of the abuse of discretion."

The writ was denied.

We have reviewed the entire file and again we say that were we considering the question originally we would have difficulty in arriving at the same conclusion as did the Industrial Commission.

However, there is a conflict in the conclusions of the medical experts. So far as we are advised each and all are reputable professional men.

The law casts upon the Commission the right and duty of determining this question and further states that their determination shall be final. Under the state of the record we are unable to state that there has been an abuse of discretion.

The writ will be denied and costs adjudged against relator.

HORNBECK, PJ. & GEIGER, J., concur.