**STATE, ex Rel. COOK, Relator, v. INDUSTRIAL COMMISSION, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 4131.   Decided October 25, 1948.

J. W. Starritt, Toledo, for relator.

Hugh S. Jenkins, Atty. Genl., R. Brooke Alloway and Albertus B. Conn, Asst. Attys. Genl., Columbus, for respondents.

## OPINION

By HORNBECK, J.:

This is an action to mandamus the commission,

"to check the extent of claimant's temporary total disability from August 3, 1945, to date hereof, and to continue to award this claimant temporary compensation so long as this claimant remains either temporarily totally disabled or temporarily

partially disabled, according to law, and that said matter be continued for the respondent-defendants to fix according to law relator's permanent disability, wage impairment and award compensation commensurate with said impairment of earning capacity, and for what other right and remedy this claimant may be entitled in the premises."

The claimant, an employee of the Electric Auto-Lite Company, a self-insurer, on the 13th of July, 1944, was injured while operating a punch press, resulting in the amputation of the right second finger proximal to head of mid phalanx and severe injury to the index finger on the extensor surface. Thereafter, claimant was awarded $72.00 compensation covering a period from July 21, 1944, to August 13, 1944. His attending physician was the Company Doctor to whose care he was exclusively committed for a little more than a year succeeding his injury. Plaintiff returned to work after the period for which he was awarded compensation and drew full pay for about a year thereafter.

It has at all times been the contention of the claimant that he did practically no work during the year succeeding his return and that he was unable because of the condition of his fingers, hand and arm to carry on and that, finally, on August 3, 1945, he collapsed while on duty at the Auto-Lite Company and from then until the time of the last hearing had been totally incapacitated to perform any work whatever; that his arm is stiff, his hand aches, he had dizzy spells and shortness of breath and heart involvement.

According to the Company Doctor, claimant made normal recovery. The index finger completely healed with only a slight deformity at the tip thereof and the second finger, where amputated, made normal recovery. Such report was made by the Company Doctor on the 28th of November, 1944.

In June, 1945, plaintiff made application for additional compensation in which he stated that he had been given medicine that affected his heart and also that his right arm was caused to be infected with blood poisoning.

The claim finally in 1947 was referred to the Toledo Board, which, among other things, found,

"That the claimant be granted permanent partial award equal to 1/3 loss of the second and third fingers of right hand; that he be furnished with further surgical treatment to the index finger."

but made no allowance for any temporary disability or impairment of the use of the arm. From this finding of the

Toledo Board both the claimant and the employer filed an application for reconsideration.

Upon the appeal, the commission omitted any award for impairment of the third finger of the right hand for the manifest reason that this finger was not involved. The commission also granted partial compensation equal to 1/3 of the loss of the second finger of the right hand but made no further award whatever except to direct the claimant to have surgical treatment to the index finger of the right hand and to provide for payment for temporary disability following surgical treatment. The commission further found that the claimant returned to work following his injury after which he earned a normal wage and, therefore, there is no basis for the payment of any temporary total compensation after August 13, 1944. This award conformitory to the commission's order is $210.00, making the total award on this claim the sum of $282.00.

In connection with claimant's application for further award, he submits affidavit of Dr. P. A. Palmer, Maynardville, Tennessee, to the effect that he had attended claimant for an infection in his right arm and hand; that the infection was caused by and resulted from the amputation of the right second finger and injury to index finger of his right hand; that as a result of the infection, claimant had been totally incapacitated from any physical work of any nature to the present date and that to operate upon the index finger in patient's present condition would be detrimental and dangerous and that the patient is 100% disabled as to earning capacity.

Manifestly, we may not call upon the commission to make an award to the plaintiff upon any claim as to which there is a factual issue. Upon such claim the commission has final discretionary authority.

There is, upon this record, a very substantial question whether or not plaintiff ever made a normal recovery from his injury. Indeed, the only support for such conclusion is the statement of the Company Doctor. We do not say that his conclusions are not sound, but they are at variance with most of the other medical opinion in this record, and, in part, with the final order of the Commission that further surgery was necessary on the index finger.

The contention of the claimant that he was unable to work during the period that he was paid by the Company would seem to have merited some attention by the Commission as it relates to his claim of disability of June, 1945. It was subject to proof nonmedical in character.

The difficulty from the claimant's standpoint is that he is remanded during the critical period subsequent to his in-

jury to the opinion of a doctor whose judgment might not. be favorable nor sympathetic to any contention that he did not have proper after treatment and did not make a normal. recovery. It was during this period that the infection to the fingers arose, if it occurred at all, which would account for much of the disability which is urged by claimant and which is supported by much of the medical evidence.

This record abounds with expert medical opinion. One doctor says that the recovery was complete and normal, one doctor, years after the injury, recommends physical therapy,. another, further amputation, and still a third that such procedure would be hazardous because of infection in the injured members resulting from improper after treatment.

All of this required the Commission to make choice of the opinions with which it was faced and when it adopts one of them we have not the purpose nor the power to interfere.

There has been considerable mix-up on the fingers involved in this accident. The Toledo Board in its finding as to the wrong finger followed the express recommendation of one of the Commission's doctors and eventually the Commission, itself, awarded compensation for injury to a left finger, although, the only fingers involved were on the right hand. This was inadvertent and such a result as might obtain in the mass of recommendations, reports, opinions, etc., through which the Boards had to blaze their way.

There may be some reasonable ground to believe that the Toledo Board in making the award for the second and third fingers intended to make an award for the second and index fingers. As a matter of fact, there is substantial support for the claim that the index finger, although not amputated, has been as seriously affected as the second finger and that it be so considered was recommended to the Board by Dr. J. H. Blackburn of the medical section in his report of January 7, 1947. In this same report, Dr. Blackburn concludes that,.

"After careful study of the medical evidence on file there is nothing to indicate that the claimant should be awarded for more than loss of 1/3 of the index finger and middle finger,. etc."

To reach this conclusion, Dr. Blackburn ignores the findings. and recommendations of others of the Commission's medical examiners. We refer to after-effects of the injury to the forearm, wrist and hand of claimant.

On August 13, 1945, Dr. H. R. Neeland, who it is said was the Chief of the Commission's Medical Bureau, stated that claimant was entitled to an award on the basis of 50% permanent partial disability, moderate degree, because of loss of industrial use of the arm and hand. On October 21, 1945, claimant wrote to the Commission in which he again claimed that his arm was stiff and hurt. On May 18, 1946, John P. Duffy called the attention of the Commission to Dr. Neeland's report as it related to the condition of the arm, fingers and wrist of claimant. On September 17, 1946, J. A. Haney, M. D., recommended permanent partial disability equal to 1/3 loss, second and third fingers of left hand and temporary partial disability of moderate degree, **40% right forearm.** On the 18th of February, 1947, Dr. Patterson of Maynardville, Tennessee, to whom the Commission had referred claimant for examination, reported limitation of most of the right elbow, right shoulder, right wrist as well as the fingers. Dr. Patterson recommended that determination of the claimant's partial disability be deferred until further treatment by an orthopedic specialist is no longer indicated.

It will be observed from what we have heretofore said that if we were determining originally the extent of disability resulting to the claimant by reason of his injury or if this case could come before us as upon an appeal at law, we would have great difficulty in limiting the award, as has been done by the Commission, to a total of $282.00.

As we interpret the final order of the Commission, it has accepted in part the statement of the Company Doctor that in November 1944 the claimant had made normal recovery from his injury and that the only after effect therefrom was the amputation of the second finger and little or no injury to the index finger and that, taken together, he was only disabled during the period that he did not work at all, and in conjunction with the findings of the Company Doctor, the conclusion, in part, of Dr. Blackburn that only the index finger and middle finger of the right hand were at any time involved in the injury or the recovery therefrom. This, the Commission had the right to do, although at variance in part with their conclusion that further surgical attention to the index finger was necessary and to provide for payment for temporary disability following such surgery. This conclusion could only be reached upon the hypothesis that the condition of the index finger had causal relation to the original injury.

There being some basis for the orders of the Commission to which this action is directed, we can not hold that it abused

its discretion in making them and issue a writ of mandamus in conformity to the prayer of the petition. It will, therefore, be denied.

WISEMAN, PJ, and MILLER, J, concur.