## STATE, ex BREWER, Relator, v. INDUSTRIAL COMMISSION, Respondent.

. Ohio Appeals, Second District, Franklin County.

No. 4210.   Decided September 28, 1949.

Maurice H. Shapiro, Edward A. Stendel, Cleveland, for relator.
Hon. Hugh S. Jenkins, Herbert S. Duffy, Attys. Genl., R. Brooke Alloway, V. A. Ketcham, T. Vincent Martin, Columbus, Hugh P. Brennan, Cleveland, for respondent.

### OPINION

By WISEMAN, J.

This is an action in mandamus filed against the Industrial Commission of Ohio in which the relator seeks a peremptory writ requiring said Commission to set aside its finding denying the claim of the relator.

It is conceded that the writ may not issue unless a gross abuse of discretion is shown. **State, ex rel. Bevis v. Coffinberry, et al., 151 Oh St 293, 296, 85 N. E. (2d) 519.** Relator alleges facts which he claims constitute a gross abuse of discretion on the part of the Commission in denying his claim to compensation. He alleges that he was employed by the National Acme Company, Cleveland, Ohio, from May, 1942, to July 9, 1946, as a grinder; that on the latter date, because of contracting silicosis while employed by said company, he became incapacitated for work and totally disabled. The medical report shows that the relator suffered from "silicosis, moderately advanced".

There was evidence presented by the manufacturer of the grinding wheels that the wheels contained only three-tenths to four-tenths of one per cent of free silica. The relator submitted an unsigned analysis of the wheels which showed a larger per cent of free silica. The safety advisor who inspected the operation on which relator worked found that the grinding machines had a vacuum connection to suck the dust away as formed and that there was no silica sand or silica flour or other material containing free silica in the area where the relator worked. The evidence further shows that the relator in October, 1946, while the claim was pending, returned to work and was employed by said company as a bench worker in the toolroom. This employment continued until after the final order was made by the Commission.

Under §1465-68a, **Subdivision 22, GC**, relator is not entitled to compensation because of having contracted silicosis unless it be shown that he had been subject to injurious exposure to silica dust (silicon dioxide) in his employment in Ohio; that he was thus exposed to silica dust preceding his disablement for at least three years, some portion of which shall have been after the effective date of the act (Act effective October 12, 1945); and only in the event of temporary total disability or permanent total disability.

On the evidence presented the relator cannot successfully claim that compensation should be allowed under Subdivision 23 (All other occupational diseases) of §1465-68a GC.

In light of the statutory requirements and the factual situation presented we now consider the orders made by the Commission in order to determine whether a gross abuse of discretion has been shown. The claim was referred to the Cleveland Board of Claims which on March 11, 1947, found that the claim should be disallowed for the reason

that the proof failed to show "that claimant has suffered three years of exposure to silica dust in his employment in the State of Ohio, and for the reason that proof shows that claimant has returned to work and is not totally disabled". On application for reconsideration the Commission, on May 26, 1947, affirmed the order made on March 11, 1947. On an application for review filed by the relator the Commission, on September 23, 1947, found that the proof failed to show "that the claimant has suffered three years of exposure to silica dust in his employment in the State of Ohio", and that "the disallowance of this claim under date of May 26, 1947, is based upon jurisdictional matters and does not involve the medical issues". In our judgment the order of the Commission under date of September 23, 1947, was not based on a miscalculation as to time, as contended by relator, but on other valid grounds.

In view of the factual development in this case the Commission was required to and did exercise its discretion in determining whether the proof was sufficient to make a finding that the relator was injuriously exposed to silica dust for three years in his employment in the State of Ohio. Likewise, the Commission was required to determine whether the relator was totally disabled by the disease of silicosis. On the evidence presented we cannot say that the Commission in resolving these issues against the relator abused its discretion. A finding against the relator on either of the grounds stated would require a denial of the claim. Mandamus will not lie where there is a factual issue to be determined and cannot be used to control the exercise of judicial discretion. Sec. 12285 GC; State, ex rel. Bevis v. Coffinberry, et al., supra; State of Ohio; ex rel. Cook v. The Industrial Commission of Ohio, 53 Abs 497, 82 N. E. (2d) 128; State of Ohio, ex rel. Jones v. Industrial Commission of Ohio, 30 Abs 65.

Writ denied.

MILLER, PJ, and HORNBECK, J, concur.